UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

RAFAEL SELVAS and MARIA
CRISTINA RUIZ DE SELVAS,

    Plaintiffs,

v.

ATLAS ONE FINANCIAL GROUP, LLC,
ATLAS WEALTH HOLDINGS CORP.,
JORGE KALB, PAUL WEISS, DANIEL
KALB, NAPOLEON APONTE, EDUARDO
ARANA, GERARDO ARANA, and GUSTAVO
HEGEWISCH,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants Atlas One Financial Group, LLC ("Atlas One"), Atlas Wealth Holdings Corp. ("Atlas Wealth"), Jorge Kalb ("J. Kalb"), Paul Weiss ("Weiss"), Daniel Kalb ("D. Kalb"), Napoleon Aponte ("Aponte") and Gustavo Hegewisch ("Hegewisch") (together the "Atlas One Defendants"), by their undersigned counsel, respectfully notify the Court under 28 U.S.C. §§ 1331, 1367, 1441, and 1446, that it hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

## BACKGROUND

1. On February 19, 2010, Plaintiffs Rafael Selvas and Maria Cristina Ruiz de Selvas (the "Plaintiffs") filed a complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, entitled *Rafael Selvas and Maria Cristina Ruiz de Selvas v. Atlas One Financial Group, LLC*, Case No. 10-11459 CA 04 (the "Initial Complaint"). The Initial

Complaint alleged four claims. Count One alleged violations of Section 517.301, *et seq.*, of the Florida Statutes. Count Two alleged a claim for breach of fiduciary duty. Count Three alleged a claim for fraud and deceit. Count Four alleged a claim for negligent supervision and hiring. The Summons and Initial Complaint are attached hereto as Exhibit A.

2. On November 22, 2010, Plaintiffs served a Renewed Motion for Leave to Amend Complaint with a proposed Amended Complaint attached thereto as Exhibit 1. *See* Exhibit B, attached hereto. The Amended Complaint added eight new defendants to this action: Atlas Wealth, J. Kalb, Weiss, D. Kalb, Aponte, Hegewisch, Eduardo Arana and Gerardo Arana.

3. The Amended Complaint alleged several new claims, including claims under federal securities laws against Atlas One, Hegewisch, Eduardo Arana and Gerardo Arana for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and against Atlas Wealth, J. Kalb, Weiss, and D. Kalb for alleged violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). The Amended Complaint demands a jury trial.

4. On December 2, 2010, Circuit Court Judge Amy Steele Donner entered an Agreed Order Granting Plaintiffs' Renewed Motion for Leave to File Amended Complaint (the "Order"). *See* Exhibit C, attached hereto.

5. On December 10, 2010, Plaintiffs served a conformed copy of the Order via U.S. Mail and purportedly served same via facsimile. Counsel for Atlas One did not receive a facsimile from Plaintiffs with the December 10, 2010 letter and Order. On December 13, 2010, the administrative assistant to undersigned counsel contacted Plaintiffs' counsel via phone inquiring about the status of the Order. Plaintiffs' counsel emailed the Order to counsel for Atlas One on December 13, 2010. *See* Exhibit D, attached hereto. Later on December 13, 2010,

counsel for Atlas One received Plaintiffs' December 10, 2010 letter with a copy of the Order via U.S. Mail. *See* Exhibit E, attached hereto.

6. On December 21, 2010, counsel for Atlas Wealth, J. Kalb, Weiss, D. Kalb, Aponte and Hegewisch executed a Waiver of Service of Process as to each of these additional defendants. Counsel for the Atlas One Defendants served the executed waivers of on Plaintiffs counsel on December 21, 2010. *See* Exhibit F, attached hereto.

7. On December 13, 2010, Plaintiffs served a Motion to Compel. See Exhibit G, attached hereto.

8. The Atlas One Defendants consent to the removal of this action. As of the date of filing of this Notice of Removal, the Atlas One Defendants are not aware of any additional defendants, namely, Gerardo Arana or Eduardo Arana, having being served with the Amended Complaint.

9. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed no later than 30 days after the earliest effective date of service.

## BASIS FOR REMOVAL JURISDICTION

10. <u>Exclusive federal jurisdiction.</u> This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) in that Plaintiffs assert claims under the Exchange Act, 15 U.S.C. § 78a, *et seq.*

11. <u>Supplemental Jurisdiction.</u> To the extent that any of Plaintiffs' claims lack an independent basis for original federal jurisdiction, this Court has supplemental jurisdiction over such claims because they are so related to claims within this Court's original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367.

## EXCLUSIVE FEDERAL JURISDICTION

12. The Amended Complaint now alleges various violations of Section 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and the rules and regulations thereunder.

13. Accordingly, this Court has exclusive federal jurisdiction over this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa. *See Matsushita Electric Industrial Co., Ltd.*, 516 U.S. 367, 381, 116 S.Ct. 873, 881 (1996) (recognizing that federal district courts have exclusive jurisdiction of all suits in equity and at law brought to enforce any duty or liability created by Securities Exchange Act or the rules and regulations thereunder); *Evans v. Dale*, 896 F.2d 975, 978 (5th Cir. 1990) (jurisdiction over Securities Exchange Act claims is exclusively federal); *Carran v. Morgan*, 510 F.Supp.2d 1053, 1057-1058 (S.D. Fla. 2007) ("This action concerns a matter of exclusive federal jurisdiction; namely, a claim brought pursuant to Section 10b-5 of the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78aa."); *Lucas v. Florida Power & Light Co.*, 575 F.Supp. 552, 554 -555 (S.D. Fla. 1983) (federal court has jurisdiction over this Exchange Act violations under Section 27).

## SUPPLEMENTAL JURISDICTION

14. To the extent that any of Plaintiffs' claims lack an independent basis for original federal jurisdiction, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367 because they are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See*

*also Carran*, 510 F.Supp.2d at 1057-1058 ("With respect to the remaining state law claims, this Court may exercise supplemental jurisdiction").

## NOTICE

15. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, and will serve a copy of the same upon counsel for the Plaintiffs.

Dated: December 28, 2010

Respectfully submitted,

Debra A. Jenks, Esq.
Florida Bar No.: 521698
Email: djenks@schwedmcginley.com
Jay W. Eng, Esq.
Florida Bar No.: 146676
Email: jeng@schwedmcginley.com
Robert J. Harvey
Florida Bar No.: 66193
Email: rharvey@schwedmcginley.com
SCHWED McGINLEY & KAHLE, LLC
11410 North Jog Road, Suite 100
Palm Beach Gardens, FL 33418
Telephone: (561) 694-0070
Facsimile: (561) 694-0057

Attorneys for Atlas One Financial Group, LLC, Atlas Wealth Holdings Corp., Jorge Kalb, Paul Weiss, Daniel Kalb, Napoleon Aponte and Gustavo Hegewisch

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via **FACSIMILE and U.S. MAIL** on **December 28, 2010**, on all parties of record on the Service List below.

                                                          Jay W. Eng, Esq.
                                                          Florida Bar No.: 146676

## SERVICE LIST

MATTHEW L. JONES, ESQ.,
Email: matthew@jones-adams.com
JONES & ADAMS, P.A.
9155 S. Dadeland Blvd., Suite 1506
Miami, Florida 33156
Telephone: (305) 270-8858
Facsimile: (305) 270-6778

Attorneys for Rafael Selvas and
Maria Cristina Ruiz De Selvas